UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:18-CR-105 JD |
| RICKEY WILLIAMS | |

**OPINION AND ORDER**

On June 5, 2019, Rickey Williams was sentenced to 21 months imprisonment on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. Williams began serving a two-year term of supervised release on January 19, 2021, which was scheduled to end on January 18, 2023. However, prior to this term's conclusion, Mr. Williams was arrested for carrying a handgun without a license.[1] On October 7, 2021, probation filed a petition recommending that Mr. Williams' supervised release be revoked. (DE 48.)

The Court then held a hearing regarding the revocation of Rickey Williams' supervised release. At this hearing, Mr. Williams admitted condition one, violation number two of his summary report of violations. Specifically, Mr. Williams admitted that on October 5, 2021, he possessed a firearm even though he knew he had previously been convicted of a felony. (DE 67.) Mr. Williams also admitted that the handgun he possessed was a Ruger 45 firearm, which he had attempted to hide in a grill. Given these admissions, the Court found that violation number two of condition number one of Mr. Williams' supervised release had been proven by a preponderance of the evidence.

---

[1] The St. Joseph Superior Court under cause 71D02-2110-F3-000039 found Mr. Williams guilty on the charge of Carrying a Handgun Without a License. Mr. Williams is currently serving a 4-year sentence on that conviction.

After establishing this factual basis, Mr. Williams' attorney, Mr. Scott Frankel, argued that Mr. Williams should receive a sentence concurrent to the one imposed by the St. Joseph Superior Court in cause 71D02-2110-F3-000039. In that case, the court sentenced Mr. Williams to a term of 4-years imprisonment for carrying a handgun without a license, which Mr. Williams is currently serving. Mr. Frankel first argued that Sentencing Guidelines § 7B1.3(f), which advises that the sentence imposed upon revocation be served consecutively to any sentence of imprisonment that the defendant is serving, is merely a policy statement and deserves less weight. Rather than rely on this policy statement, Mr. Frankel asserts that Guideline § 5G1.3(b) is stronger authority and supports imposing a concurrent sentence.

The Court finds that § 7B1.3 is applicable here and, while not binding, provides relevant authority to this Court's decision to impose a consecutive sentence. Under § 7B1.3(f), "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." Citing to this section, the Seventh Circuit has approved consecutive sentences where the "supervised-release violation involved the same conduct as the underlying [state] offense." *United States v. Villasenor*, 256 F. App'x 842, 844 (7th Cir. 2007) (explaining that it was not unreasonable for the district court to give a consecutive sentence where his violation and "his sentence for the underlying offense" were both based on "his illegal reentry into the United States" and that a consecutive sentence in such a circumstance was, in fact, "recommend[ed]" by the sentencing guidelines); *United States v. Harvey*, 232 F.3d 585, 589 (7th Cir. 2000) (finding that a district court who imposed consecutive sentences to state law violations where the "same state law violations . . . were the basis for the

2

revoking of supervised release . . . clearly followed the Sentencing Guidelines policy recommendation when [the court] sentenced [the defendant]" to a consecutive sentence); *United States v. Huusko*, 275 F.3d 600, 603 (7th Cir. 2001) (same).

Furthermore, to the extent that § 5G1.3 informs this Court's decision, it only reinforces the recommendation of § 7B1.3. Mr. Frankel argues that § 5G1.3(b) applies to this case. Under § 5G1.3(b), the term of imprisonment on the "instant offense" of conviction shall "run concurrently to the remainder of the undischarged term of imprisonment" where "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction." First, this section on its face is not applicable here since Mr. Williams is not being sentenced for an "offense of conviction" but rather is having his supervised release revoked for a violation of his conditions of supervised release. A violation of supervised release conditions is not a separate crime, but rather punishable because it is a "breach of trust." *United States v. Hill*, 48 F.3d 228, 232 (7th Cir. 1995). Additionally, the commentary to § 5G1.3 advises that in cases in which "the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked . . . the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation" consistent "with the policy set forth in Application Note 4 and subsection (f) of § 7B1.3 (Revocation of Probation or Supervised Release)." U.S.S.G. § 5G1.3, Application Note 4(c). Therefore, not only is the text of § 5G1.3(b) inapplicable to a revocation, but the commentary to § 5G1.3 itself indicates the proper guideline section is § 7B1.3.

The Court also addresses Mr. Frankel's argument that § 7B1.3 is a policy statement which is not binding. In support of his argument, Mr. Frankel relied on *United States v. Hill*, 48

3

F.3d 228 (7th Cir. 1995), which held that the policy statements, although "entitled to great weight because the Sentencing Commission is the expert body on federal sentencing" do not bind the sentencing judge. Since *Hill* there have been significant developments in the law surrounding the sentencing guidelines. The sentencing guidelines themselves were held to be non-binding and advisory in *United States v. Booker*, 543 U.S. 220, 245 (2005). However, despite their advisory nature, the Court still must consider the guidelines. *United States v. Burge*, 683 F.3d 829, 836 (7th Cir. 2012) (noting that the duty to consult the Guidelines and take them into account still "exists even though the Guidelines are ultimately only advisory"). Even the policy statements, which may receive less consideration than those sections mandatory prior to *Booker*, still require this Court's consideration. *United States v. Robertson*, 648 F.3d 858, 859 (7th Cir. 2011) ("True, under the regime of *Booker*, all the Sentencing Guidelines now are non-binding, but presumably the ones the Sentencing Commission made non-binding even before *Booker* are intended to be given even less consideration by sentencing judges . . . [b]ut less is not zero [and] the sentencing judge must consider the statutory sentencing factors [under 18 U.S.C. § 3553(a)] and, the cases say, the policy statements as well.").

Accordingly, given the clear text of § 5G1.3(b), the guidance in the commentary to § 5G1.3, and the policy statement in § 7B1.3(f), the Court does not believe that § 5G1.3(b) provides relevant guidance for whether Mr. Williams should receive a concurrent or consecutive sentence. Rather, § 7B1.3(f) advises that his sentence should be consecutive. However, the Court again notes that this policy statement is advisory and not binding.

SO ORDERED.

ENTERED: February 17, 2023

                /s/ JON E. DEGUILIO
                Chief Judge
                United States District Court